UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 17-cv-81140-CIV-Dimitrouleas/Matthewman

VERSANT FUNDING LLC, a Delaware
Limited Liability Company,

   Plaintiff,

vs.

TERAS BREAKBULK OCEAN
NAVIGATION ENTERPRISES, LLC f/k/a
TERAS BBC OCEAN NAVIGATION
ENTERPRISES HOUSTON, LLC;
TERAS CARGO TRANSPORT (AMERICA),
LLC A DELAWARE LIMITED LIABILITY
COMPANY; TERAS CHARTERING, LLC A
DELAWARE LIMITED LIABILITY
COMPANY d/b/a TERAS BBC
CHARTERING, LLC; AND
SONNY JOE SANDERS,

   Defendants.
_____/

FILED BY KJZ D.C.
Jun 11, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING PLAINTIFF/JUDGMENT CREDITOR'S MOTION FOR THE COMMENCEMENT OF PROCEEDINGS SUPPLEMENTARY TO EXECUTION AND FOR THE ENTRY OF AN ORDER FOR IMPLEADER OF THIRD-PARTY DEFENDANTS IN AID OF EXECUTION [DE 217]

**THIS CAUSE** is before the Court upon Plaintiff/Judgment Creditor, Versant Funding LLC's ("Judgment Creditor") Motion for the Commencement of Proceedings Supplementary to Execution and for the Entry of an Order for Impleader of Third-Party Defendants in Aid of Execution ("Motion") [DE 217]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 222. No responses were timely filed. The matter is now ripe for review.

## I.     BACKGROUND

On May 14, 2019, the Court entered a $3 million judgment in favor of Judgment Creditor and against Defendants/Judgment Debtors, Teras Breakbulk Ocean Navigation Enterprises, LLC f/k/a Teras BBC Ocean Navigation Enterprises Houston, LLC; Teras Cargo Transport (America), LLC;, and Teras Chartering, LLC d/b/a Teras BBC Chartering, LLC (collectively, the "Judgement Debtors"). [DE 214]. According to Motion, the parties entered into a Final Consent Judgment, but none of the Judgment Debtors has paid their obligation owed to Judgment Creditor, and Judgment Creditor is owed in excess of $1,675,000 pursuant to the judgment. [DE 217, p. 3]. Judgment Creditor seeks an Order allowing it to commence Supplementary Proceedings in Aid of Execution against the Judgment Debtors. *Id.* at p. 18.

Judgment Creditor also moves for an order of this Court pursuant to Fla. Stat. § 56.29(2) impleading and issuing a Notice to Appear to six entities as Third-Party Defendants, which Judgment Creditor alleges are alter egos of Sonny Joe Sanders (a defendant and judgment debtor in this case). These entities are the following: 1) Teras America, LLC; 2) PNG Project Services, Ltd.; 3) Teras Queensland, Ltd.; 4) TrueNorth Energy Systems, LLC; 5) Cargo Risk Consulting, LLC; and 6) SJS Investments, LLC. [DE 217].

## II.     ANALYSIS

a. Motion for Commencement of Proceedings Supplementary as to Judgment Debtors

Pursuant to Rule 69(a)(1), proceedings supplementary to and in aid of execution must comply with the procedure of the state where the court is located. Florida law states that a person who holds an unsatisfied judgment "may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment ... and stating that the execution is valid and outstanding, and thereupon the judgment creditor is

entitled to these proceedings supplementary to execution." Fla. Stat. § 56.29(1). "A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *1 (S.D. Fla. May 30, 2019)

Here, Judgment Creditor has met the jurisdictional requirements established by Fla. Stat. § 56.29(1) by demonstrating that a writ of execution is valid and unsatisfied and by filing the appropriate affidavit [DE 218]. Therefore, the Court will grant Judgment Creditor's request to commence proceedings supplementary.

b. <u>Whether Judgment Creditor Is Properly Proceeding under § 56.29(2), Florida Statutes</u>

As an initial matter, the Fourth District Court of Appeal, in analyzing this Florida statute has explained as follows: "We conclude that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1121 (Fla. Dist. Ct. App. 2018). Thus, it appears that property of the alter ego falls within section 56.29(2).

Section 56.29(2), Fla. Stat., sets forth several mandatory requirements, including that the moving party "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." The statute also requires the filing of proposed Notices to Appear. Fla. Stat. § 56.29(2). The Notice to Appear procedure is designed to

3

provide certain notice and rights to a non-party who a judgment creditor seeks to haul into court in an effort to collect on a judgment. Judgment Creditor has complied with the language of § 56.29(2).

The Court finds that Judgment Creditor has fully complied with the statutory requirement and that Judgment Creditor's proposed Notices of Appearance [DE 217-1] are sufficiently specific, that they describe the property at issue with reasonable particularity, and that they fully comply with the Florida Statutes. Therefore, the Court will issue the Notices to Appear.

### III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Judgment Creditor's Motion for the Commencement of Proceedings Supplementary to Execution and for the Entry of an Order for Impleader of Third-Party Defendants in Aid of Execution [DE 217] is **GRANTED**.

2. Proceedings supplementary are hereby initiated pursuant to section 56.29, Florida Statutes, and Federal Rule of Civil Procedure 69.

3. The Court will separately issue the Notices to Appear prepared by Judgment Creditor to the six entities who Judgment Creditor alleges are alter egos.

4. Judgment Creditor shall promptly effect proper service of the Notices to Appear on each of the entities. Judgment Creditor shall promptly file proof of service of the Notices to Appear on each of the affected entities.

5. The six entities shall respond to the Notices to Appear within seven (7) business days from the date of service and shall provide any and all information regarding their assets, funds, and property. Additionally, the responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to

satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

6. The Court will reserve ruling on and retain jurisdiction over Judgment Creditor's request for costs for these proceedings supplementary, as well as reasonable attorney's fees against Judgment Debtors, pursuant to Fla. Stat. § 56.29(8) and the Consent Final Judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of June, 2020.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge