UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VERSANT FUNDING LLC, a
Delaware Limited Liability Company,

      Plaintiff,

v.

TERAS BREAKBULK OCEAN
NAVIGATION ENTERPRISES, LLC
f/k/a TERAS BBC OCEAN
NAVIGATION ENTERPRISES
HOUSTON, LLC, et al.

      Defendants,

and

TERAS AMERICA, LLC; PNG PROJECT
SERVICES, LTD.; TERAS QUEENSLAND
PTY LTD.; TRUENORTH ENERGY
SYSTEMS, LLC; CARGO RISK
CONSULTING, LLC; AND SJS
INVESTMENTS, LLC,

      Third-Party Defendants.
_____/

Case No.: 17-cv-81140-WPD

## OPPOSING MEMORANDUM OF LAW

Defendants, Teras Breakbulk Ocean Navigation Enterprises, LLC, f/k/a Teras BBC Ocean Navigation Enterprises Houston, LLC, Teras Cargo Transport (America), LLC, Teras Chartering, LLC and Sonny Joe Sanders; Third-Party Defendants, Teras America, LLC; and Non-Parties NT Holdings, True North Services, True North Projects and True North Operating Group ("NT Entities")(Defendants, Third Party Defendants, and NT Entities all collectively, the "Respondents") by and through their undersigned counsel, respectfully file this Opposing Memorandum of Law in response to the Motion To Compel Discovery, by Plaintiff VERSANT

1

FUNDING LLC's ("Versant" or "Plaintiff"), and state the following:

## FACTUAL AND PROCEDURAL BACKGROUND

1. On March 7, 2023, Richard L. Richards, Esq., (hereinafter referred to as "Respondents' counsel"), timely objected to Versant's document subpoenas (collectively, the "NT Subpoenas") on the following basis:

> *Our understanding is that Federal Rules of Civil Procedure requires that a subpoena be personally served by a process server, email or certified mail does not suffice. Moreover, we understand there is a 100-mile limitation and fees are required – and thus the requirement to produce documents and attend a deposition in New York, while we are in Nevada (and with no witness fee is included), is improper. In addition, our review of the subpoena suggests that it is overbroad and irrelevant in that several of the requests relate to parties that are not related to the Plaintiff, Defendants, or Third-Party Defendants in the lawsuit. Lastly, the request is overly voluminous and would be a burden to our firm. Thus, we cannot comply unless/until a valid subpoena is properly served as the attached subpoena is invalid as to service, location, and content.*

A true and correct copy of the e-mail chain between counsel, evidencing Respondents' counsel objection to said document subpoenas, together with the notices of subpoena and subpoenas, appear hereto as **Exhibit "A."**

2. On March 16, 2023, Respondents' counsel received document subpoenas, served on the NT Entities a second time, by e-mail. See **Exhibit "A."**

3. On April 6, 2023, the Respondents objected for the <u>second time</u> to producing discovery relating to: i) the interparty and related party transactions; ii) the payment of expenses relating to the Pontoons; and iii) the Respondents' exploitation of the 520 Bridge Pontoons after their purported sale for $3,000. See **Exhibit "A."**

4. Counsel for the parties held a meet and confer on April 27, 2023.

5. Respondents' counsel requested that Plaintiff's counsel prepare a letter setting forth the information requested and specifying where the financial statements are located that Plaintiff's counsel was basing its discovery demands upon.

6. On May 10, 2023, Plaintiff sent a letter to Respondents' counsel memorializing the information that had been previously agreed to be produced.

7. On May 25, 2023, Respondents' counsel explained that part of the recent delay for Respondents response was attributable to his travel schedule.

8. On June 6, 2023, Respondents' counsel stated his intention to reply to Plaintiff's letter with the goal of narrowing the information sought by Plaintiff.

9. On June 7, Plaintiff's counsel indicated "a "big letter" isn't going to resolve your client's failure to comply with its discovery obligations" and "We're going to file our motion to compel tomorrow".

10. On June 15, 2023, Versant filed a motion to compel discovery erroneously alleging Versant's motion to compel should be granted because (i) the information sought by Versant is highly relevant to the dispute, and (ii) NT Entities failed to timely object to Versant's document subpoena.

11. Versant's motion to compel discovery should be denied to the extent the information Versant is requesting is irrelevant and overbroad in scope, is not relevant to the dispute nor discovery of information that might satisfy Versant's judgment. Additionally, Versant's basis of its motion to compel discovery should be denied in that the Respondents timely objected to Versant's document subpoenas.

**MEMORANDUM OF LAW**

12. Respondents object to Versant's motion to compel discovery on the following two grounds: (i) Versant is requesting information that is in no way relevant to the discovery of assets that might satisfy Versant's judgment, and (ii) Respondents did not fail to interpose timely objections to the subpoenas served by Versant on March 16, 2023. Thus, the discovery Versant seeks is highly irrelevant and overbroad in scope, further considering Defendants did in fact timely object to Versant's discovery requests, any objections were not waived.

I. **DISCOVERY SOUGHT BY VERSANT IS IRRELVANT AND OVERBROAD**

13. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26.

14. Under Federal Rule of Civil Procedure 26(b)(1), "a court may limit discovery of relevant material if it determines that the discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D.Fla.2010). "The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted." *Id*. "To meet this burden, the party resisting discovery must demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome." *Id*. "At the same time,

'**discovery, like all matters of procedure, has ultimate and necessary boundaries**.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978) (quoting *Hickman*, 329 U.S. at 507)(emphasis added). Discovery of a "matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id*. Further, Rule 26 requires that discovery be "**proportional to the needs of the case**...." Fed. R. Civ. P. 26(b)(1).(emphasis added).

15. Instead of being focused on specific transactions such as alleged intercompany transfers or alleged transfers to NT Entities, the documentation requested is overbroad in that it has requested production of all general ledgers, bank statements, financial statements and balance sheets from those entities described as "Intercompany" entities in the judgment debtors' financial statements and from the "NT Entities".

16. Moreover, a complete review of Versant's subpoenas reveals noncompliance with the requirement of the 100-mile limitation and payment of fees which are required – and the requirement to produce documents and attend a deposition in New York, while in Nevada, is improper.

II. **RESPONDANTS DID NOT FAIL TO INTERPOSE TIMELY OBJECTIONS**

17. Under Federal Rule of Civil Procedure 45(d)(2)(B), objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." A nonparty waives any objections to the subpoena by failing to timely object to the subpoena. *See*, *e.g. Sakhil Ctr. At Doral Condo Ass'n v. Hanover Ins. Co*., 2019 U.S. Dist. LEXIS 227022, at*3 (S.D. Fla. Mar 21, 2019).

18. On March 7, 2023, Richard L. Richards, Esq., Respondents' counsel timely objected to service of versant's document subpoenas. See **Exhibit "A."**

19. Respondents' counsel clearly advised Versant, "We would like to join in this objection. Please let me know if you are planning to properly serve via process server a pared down subpoena." See **Exhibit "A."**

20. On March 16, 2023, Versant served the same "unpared down" subpoenas" for the second time on NT Entities by e-mail to Respondents' counsel. See **Exhibit "A."**

## CONCLUSION

For the foregoing reasons, Versant's motion to compel discovery should be denied, and Defendants awarded all reasonable costs and attorney's fees.

Dated: July 6, 2023

Respectfully submitted,

RICHARDS LEGAL GROUP
*Attorneys for Defendants, Third-Party Defendants and NT*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone:  (305) 448-2228
Facsimile:   (305) 448-2229
Primary E-mail: rrichards@richpa.net
Secondary E-mail: service@richpa.net

By: s/ Richard L. Richards
RICHARD L. RICHARDS
Florida Bar No. 9415

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July 2023, I have electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: *s/ Richard L. Richards*
RICHARD L. RICHARDS

**SERVICE LIST**

DUNN LAW, P.A.
David B. Blansky, Esq.
Michael P. Dunn, Esq.
*Attorneys for Versant Funding LLC*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Fax: (786) 260-0269
E-mail: dblansky@dunnlawpa.com
         michael.dunn@dunnlawpa.com


Kagen, Caspersen & Bogart PLLC
Russell Bogart, Esq.
*Attorneys for Versant Funding LLC*
757 Third Avenue, 20th Fl.
New York, New York 10017
Fax: (646) 304-7879
E-mail: rbogart@kcbfirm.com